**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 25-07228 |
| V820 JACKSON, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | Room 615 |
| | ) | Hearing Date:  May 28, 2025 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF MOTION

To:    See Attached Service List

PLEASE TAKE NOTICE THAT on May 28, 2025, at the hour of 9:30 a.m., we shall appear before the Honorable Janet S. Baer, or any judge sitting in her place, **either** in Courtroom No. 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois 60604, **or** electronically as described below, and present**. DEBTOR'S MOTION FOR USE OF CASH COLLATERAL (INTERIM HEARING)**, a copy of which is attached hereto.

**All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government.**

You may appear electronically by video or by telephone, as follows:

**To appear by video**, use this link: https**://www.zoomgov.com/. Then enter the meeting ID 160 731 2971** and the password **587656**.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and password**. The meeting ID for this hearing is **160 731 2971** and the password is **587656**. The meeting ID and further information can also be found on Judge Baer's web page on the court's web site.

**If you object** to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

**V820JACKSON, LLC,** Debtor

By**:**   /s/ Ariel Weissberg
  One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
125 South Wacker Drive, Suite 300
Chicago, Illinois 60606
Chicago, IL  60605
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

## **CERTIFICATE OF SERVICE**

      I, Ariel Weissberg, certify that on May 14, 2025, I caused **DEBTOR'S MOTION FOR USE OF CASH COLLATERAL** to be filed electronically. Notice of this filing was sent to all parties registered with the court's ECF electronic transmission, including to the following parties:

Patrick S. Layng, Esq.
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604-2027
USTPRegion11.ES.ECF@usdoj.gov

Andrew H. Eres, Esq.
Dickinson Wright PLLC
55 W. Monroe, Suite 1200
Chicago, IL 60603
Email: aeres@dickinson-wright.com
*(for The Huntington National Bank)*

Stephen M. Montgomery
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, TN 37219
*(for The Huntington National Bank)*

and on May 14, 2025, by electronic transmission to the following party:

Monte Mann, Esq.
Armstrong Teasdale
100 N. Riverside Plaza
Chicago, IL 60606
Email: mmann@atllp.com
*(for 820 W. Jackson, LLC)*


and on May 15, 2025, by first class U.S. mail, postage prepaid to the parties listed on the attached Service List and to following taxing authorities:

Illinois Department of Revenue
Bankruptcy Section
100 W. Randolph Street
Chicago, IL  60606

Illinois Department of Revenue
Legal Services Office MC5-500
101 West Jefferson
Springfield, IL  62794

U.S. Attorney
219 S. Dearborn Street
Chicago, IL 60604

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346
District Director
Internal Revenue Service
230 S. Dearborn St.
Mail Stop 5016-CHI
Chicago, IL 60604

David A. Hubbert
Tax Division (DOJ)
Department of Justice – Tax Division
950 Pennsylvania Avenue NW
Washington DC, 20530-0001

Internal Revenue Service,
Mail Stop 5014CHI,
230 S. Dearborn Street
Room 2600
Chicago, IL 60604-1705

Office of Chief Counsel
Internal Revenue Service
200 West Adams, Suite 2300
Chicago, IL  60606

A. Messe Supply Corp.
2500 W. Lake Street
Chicago, IL 60612

Access One, Inc.
PO Box 74008744
Chicago, IL 60674

Anderson Lock Company, Ltd
850 E. Oakton St
Des Plaines, IL 60018

Antarctic Mechanical Systems, Inc.
9341 Ada Don Parkway
Woodridge, IL 60517

Atomatic Mechanical Services Inc.
3733 N Ventura Dr
Arlington Heights, IL 60004

CBRE, Inc.
PO Box 15531, Location Code 2993
Chicago, IL 60696

Celtic Commercial Painting LLC
10204 Werch Drive, Suite 303
Woodridge, IL 60517

Central Pension Fund
PO Box 418433
Boston, MA 02241

Christopher Glass & Aluminum, Inc
832 Industrial Dr,
Elmhurst, IL 60126

Conservice, LLC DBA Goby ESG
PO Box 1500
Hemet, CA 92546

Cushman & Wakefield U.S., Inc.
225 West Wacker Drive, Suite 3000
Chicago, IL 60606

Daspin & Aument, LLP
300 S. Wacker Drive, Suite 2200
Chicago, IL 60606

Domain Networks
PO Box 1280
Hendersonville, NC 28793

Dreisilker Electric Motors Inc
PO Box 88528
Milwaukee, WI 53288

Dykema Gosset PLLC
400 Renaissance Center
Detroit, MI 48243

E Sam Jones Distributor, Inc
P.O. Box 536794
Atlanta, GA 30353

Everest Snow Management Inc.
642 Forestwood Dr
Chicago, IL 60646

Every Little Detail Event Planning,
740 Edinburgh Court
Barrington, IL 60010

FedEx
P.O. Box 94515
Palatine, IL 60094

Finkel, Martwick & Colson
203 N. LaSalle St, Suite 135
Chicago, IL 60601

Fulcrum Commercial Real Estate Services LLC
125 Park Avenue, 9th Floor
New York, NY 10017

Global Equipment Company
29833 Network Place
Chicago, IL 60673

Gremley & Biedermann
PO Box 92170
Elk Grove Village, IL 60009

H2-Xpress
1872 N Clybourn, Suite 607
Chicago, IL 60614

Illinois Labor Law Poster Service
1337 Wabash Ave Ste B # 1005
Springfield, IL 62704

Innova Solutions, Inc.
1455 Lincoln Parkway East, STE 450
Atlanta, GA 30346

IUOE Local 399 Deferred Compensation
P.O. Box 94452
Chicago, IL 60690

IUOE Local 399- H&W Fund
2260 South Grove Street
Chicago, IL 60616

IUOE Local 399- PEF
2260 South Grove Street
Chicago, IL 60616

Kastle Chicago LLC
PO Box 781263
Philadelphia, PA 19178

Kineo Group Inc.
625 W Adams St
Chicago, IL 60661

Legends / JMI Rights Holders LLC
820 W Jackson Blvd
Chicago, IL 60607

Liberty Fire Equipment, Inc.
168 S. Schuyler Ave
Bradley, IL 60915

Midway Building Services
33 N LaSalle Street, Suite 3200
Chicago, IL 60602

Morcom Construction Co.
521 East 67th Street
Chicago, IL 60637

North American Corporation of Illinois
PO Box 7410586
Chicago, IL 60674

Operating Engineers Local No. 399 D
2260 South Grove Street
Chicago, IL 60616

Prudential Defense Solutions
210 W Front St #1077
Monroe, MI 48161

Quadient (Equipment Rental), Inc
Dept. 3689, PO Box 123689
Dallas, TX 75312

Quench USA, Inc.
P.O. Box 735777
Dallas, TX 75373

Raincoat Roof Maintenance Inc.
2600 S 17th Avenue
Broadview, IL 60155

Reilly & Dooley LLC
30 N Lasalle St, Suite 2330
Chicago, IL 60602

Reliable Fire and Security
12845 South Cicero Ave
Alsip, IL 60803

Schindler Elevator Corporation
PO Box 93050
Chicago, IL 60673

Secretary of State,
Department of Business Service
501 S. 2nd Street, Rm 351
Springfield, IL 62756-6000

Semmer Landscape, LLC
18450 South Cicero Avenue
Country Club Hills, IL 60478

Sherwin- Williams Company
1061 W Jackson Blvd, Suite D
Chicago, IL 60607

Silesia Glass Services LTD
10116 Pacific Ave
Franklin Park, IL 60131

SMG Security Holdings, LLC
PO Box 775520
Chicago, IL 60677

SP Plus Corporation
8037 Collection Center Drive
Chicago, IL 60693

Staples, Inc.
PO Box 105638
Atlanta, GA 30348

Titan Security Services, LLC
P.O. Box 95790
Chicago, IL 60694

UniFirst
2801 Unifirst Drive
Owensboro, KY 42301

View My Space LLC
1721 N Western Ave., Suite 1
Chicago, IL 60647

Willis Towers Watson
35371 Network Place
Chicago, IL 60673

Ziken Signage, LLC
2135 W. Carroll Ave
Chicago, IL 60612


        ___/s/ Ariel Weissberg___
         Ariel Weissberg

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 25-07228 |
| V820 JACKSON, LLC, | ) | |
| | ) | Honorable Janet S. Baer |
| Debtor. | ) | Room 615 |
| | ) | Hearing Date: May 28, 2025 |
| | ) | Hearing Time: 9:30 a.m. |

**DEBTOR'S MOTION FOR USE OF CASH COLLATERAL**

NOW COMES Debtor, V820Jackson, LLC ("Debtor" or "V820"), by its attorneys, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd., and as *Debtor's Motion for Use of Cash Collateral*, states as follows:

### I.    INTRODUCTION

1. On May 12, 2025, Debtor filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 of the Bankruptcy Code. Since then, the Debtor has been managing its assets as a debtor-in-possession.

2. V820 is an Illinois limited liability company organized on August 24, 2015. The sole member of V820 is AV Wheaton Town Square I, LLC, a Delaware limited liability company. The sole manager of this manager-managed limited liability company is Andrew P. Vaccaro.

3. V820 is engaged in leasing and otherwise commercializing the real property commonly known as 820 West Jackson, Chicago, Illinois 60607 ("Property") pursuant to a 99-

year Ground Lease for the Property dated October 16, 2015 (the "Lease"). The Lessor under the terms of the Lease is 820 W. Jackson, LLC, an affiliate of Marc Realty. A true and correct copy of the Lease is attached hereto as **Exhibit 1** and incorporated by reference.[1]

4. On or about May 14, 2019, The Huntington National Bank (successor by Merger to TCF National Bank), on behalf of itself and the other banks (collectively "Huntington"), made certain loans to V820[2] (the "Loan"), pursuant to the terms and conditions of that certain Syndicated Term Loan Agreement dated as of May 14, 2019 (the "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit 2**.

5. The Loan is evidenced by (i) that certain Amended and Restated Promissory Note dated July 9, 2019 made by V820 payable to the order of Huntington National Bank, a national banking association ("Huntington") in the principal amount of $9,230,769.23 (the "850-Huntington Note"); and (ii) that certain Promissory Note dated July 9, 2019 made by V820 payable to the order of Old Second National Bank in the principal amount of $5,169,230.77 (the "850-OS Note") (the 850-OS Note and the 820-Huntington Note are collectively referred to herein as the "Notes"). True and correct copies of the Notes are attached hereto as **Group Exhibit 3**.

---

[1] Pursuant to a Property Management Agreement dated December 5, 2018, between V820 and Crayton Management, LLC, a Florida limited liability company, the Property is managed by Crayton Management, LLC.
[2] This credit facility also included pursuant to separate promissory notes, mortgage, security agreement and Assignment of Rents, V850Jackson, LLC, an Illinois limited liability company, which has a similar 99-year ground lease for the real property commonly known as 850 West Jackson, Chicago, Illinois 60607, with another Marc Realty affiliate, 850 W. Jackson, LLC. V820Jackson, LLC is wholly owned by AV Wheaton Town Square I, LLC. The sole manager of V820Jackson, LLC, a manager-managed limited liability company, is Andrew P. Vaccaro.

6. On or about May 14, 2019, Anthony P. Vaccaro and the AP Vaccaro Trust u/t/a 1-14-03, as amended, jointly and severally, executed and delivered to Huntington a certain Guaranty of Payment, whereby they agreed to pay a portion of the indebtedness of V820 to Huntington.

7. Effective May 14, 2022, by virtue of the existence of a certain default V820 and Huntington, among others, entered into that certain Forbearance Agreement. A true and correct copy of the Forbearance Agreement is attached hereto as **Exhibit 4**.

8. Pursuant to the loan documents evidencing the Loan, including a Mortgage and Assignment of Rents recorded against the Property, Huntington has a valid, continuing security interest in the rents generated from the Property ("Cash Collateral"). A copy of a current rent roll for the Property is attached hereto as **Exhibit 5**.

9. As of May 7, 2024, the following amounts are due and owing under the Loan to V820:

| | |
|---|---|
| Principal | $13,773,534.51 |
| Accrued Interest | $ 4,449,102.68 |
| Late Charges | $      12,946.04 |
| Total as of May 5, 2025 | $18,235,582.80 |

Pursuant to the terms of the Notes to V820, interest accrues at the rate of $5,345.27 per diem.

10. Huntington has perfected secured interests in the Cash Collateral, that is senior to all other secured creditors.

11. V820 was year-to-year, a profitable and successful company and after deploying in excess of $3,900,000 in capital improvement and leasing plans, was well positioned to take

advantage of its dynamic position in Chicago's West Loop submarket. However, the Company fell into financial crisis with the onset of the Covid pandemic, starting in 2020 along with a material increase in Property Taxes, materially eroding the property's ability to pay its bills. During the Covid pandemic, V820's revenues dropped from $2,700,000 to a low of $1,800,000 and losses before debt service. Now, however, the prospects are brighter for the Debtor because the Property is well-situated in a heavily commercialized neighborhood, where prospective tenants are expressing a desire to locate.

12. The Debtor initiated its bankruptcy case to explore and renegotiate the financial obligations of V820, and to file a confirmable Plan of Reorganization providing V820's creditors more than they would receive in a Chapter 7 liquidation. The Debtor intends to assume the Lease and the leases currently existing with the tenants of the Property enumerated in the Rent Roll pursuant to Section 365 of the Bankruptcy Code

## II. 820 SHOULD BE ALLOWED TO USE ITS CASH COLLATERAL

13. Through this motion, V820 is seeking approval of this Court for the use of the Cash Collateral to pay V820's expenses incurred in the ordinary and regular course of business of V820. A budget of those monthly expenses is attached hereto as **Exhibit 6** ("Budget").[3]

14. Without the use of this cash collateral, Debtor cannot pay legitimate business expenses including insurance, utilities, rent, maintenance and payroll. These monthly ordinary and necessary expenses equal $190,242.66 for May, 2025 and $209,073.17 for June, 2025, which includes the post-petition rent owed to Lessor. The Debtor is generating sufficient revenues to pay

---

[3] The monthly expenses noted on this budget are substantially identical to the pre-petition monthly budgets for February, March and April, 2025.

these expenses.

15. The use of the cash collateral will generate funds to be used to fund a Plan of Reorganization, and this use of cash collateral would be in the best interest of all parties including creditors, vendors and employees of the Debtor.

16. Presently, Debtor has no realistic source of funds other than cash collateral to pay these operating expenses, although Debtor is in serious, near-final discussions with prospective investors to pay sums necessary to cure any pre-petition defaults under the terms of the Lease toward Debtor's assumption of the Lease pursuant to Section 365 of the Bankruptcy Code. The Debtor would be severely prejudiced if it could not use the Cash Collateral representing the rents generated from the Property.

### III. THE COURT SHOULD GRANT DEBTOR THE RIGHT TO USE CASH COLLATERAL

17. As delineated in the attached Budget, the Debtor must use cash collateral on an emergency and interim basis, pending a final hearing on the Debtor's use of cash collateral after notice to all creditors pursuant to Fed. R. Bankr. P. 2002; and until that time, on a continuing monthly basis pursuant to the entry of an order approving Debtor's use of cash collateral on a final basis.

18. Debtor proposes that Huntington may be entitled to certain protections for the use of this cash collateral, including the following:

    a. Maintenance of Property Insurance as a condition for cash collateral;

    b. A post-petition lien on the rents generated through the Property; and,

    c. An administrative claim pursuant to Section 507(b) of the Bankruptcy Code for any decrease in value of the collateral between the Petition date and Plan

Confirmation.

19. The foregoing rights are sufficient to protect the interests of the Bank and satisfy the requirements of Sections 361 and 362 of the Bankruptcy Code. The Debtor projects that its revenues will remain at least constant, and that the Debtor's operating expenses will not increase.

20. This court has jurisdiction over this case pursuant to 28 U.S.C. Section 1334(a) and this is a "core matter" pursuant to 28 U.S.C. Section 157(b)(2)(M).

21. In light of the foregoing, this Court should grant V820 the use of the Cash Collateral on an interim basis pursuant to the Budget; and, after notice to all creditors, at a final hearing to be set by the Court, the use of cash collateral pursuant to the aggregate of the Budget.

WHEREFORE, the Debtor, V820JACKSON, LLC, prays that this court enter an order as follows:

(a) allowing the Debtor the interim use of its cash collateral subject to a final hearing;

(b) setting a final hearing for Debtor's use of cash collateral; and,

(c) for such other and further relief as this Court deems just and proper.

**V820JACKSON, LLC,** Debtor

By:     /s/ Ariel Weissberg
  One of its attorneys

Ariel Weissberg, Esq.
Weissberg and Associates, Ltd.
125 South Wacker, Suite 300
Chicago, Illinois 60606
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com
Attorney No. 03125591