**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | **)** | **Chapter 11** |
| | **)** | |
| **V820JACKSON, LLC,** | **)** | **Case No. 25-07228** |
| | **)** | |
| **Debtor.** | **)** | **Honorable David H. DeCelles** |

**DEBTOR'S RESPONSE TO UNITED STATES TRUSTEE'S MOTION TO CONVERT
OR DISMISS THE BANKRUPTCY CASE PURSUANT TO 11 U.S.C. 1112(B) AND
FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f)**

NOW COMES Debtor, V820Jackson, LLC ("Debtor" or "V820"), by its attorneys, Ariel Weissberg and the law firm of Weissberg and Khanna, Ltd., and as *Debtor's Response to United States Trustee's Motion to Convert or Dismiss the Bankruptcy Case Pursuant to 11 U.S.C. 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f)*, states as follows:

## I.   BACKGROUND

1. On May 12, 2025, Debtor filed a voluntary petition in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division seeking to reorganize under Chapter 11 of the Bankruptcy Code. Since then, the Debtor has been managing its assets as a debtor-in-possession.

2. V820 is an Illinois limited liability company organized on August 24, 2015. The sole member of V820 is AV Wheaton Town Square I, LLC, a Delaware limited liability company. The sole manager of this manager-managed limited liability company is Andrew P. Vaccaro.

3. V820 is engaged in leasing and otherwise commercializing the real property commonly known as 820 West Jackson, Chicago, Illinois 60607 ("Property") pursuant to a 99-

year Ground Lease for the Property dated October 16, 2015 (the "Lease"). The Lessor under the terms of the Lease is 820 W. Jackson L.L.C., an affiliate of Marc Realty.[1]

4.        On May 14, 2025, the Debtor filed its *Debtor's Motion to Assume Unexpired Lease (820 W. Jackson, L.L.C.)* (DE 15) ("Motion to Assume Ground Lease") which was presented to the Court on May 28, 2025, at 9:30 a.m.  Since that date, the Motion to Assume Ground Lease has been continued from time to time, with the next continued date on May 27, 2026, at 10:00 a.m.

5.        On June 18, 2025, the Debtor filed 19 *Motions to Assume Unexpired Leases* with its tenants (DE's 37 through 56) ("Motions to Assume Tenant Leases").

6.        On June 19, 2025, the Debtor filed its *Debtor's Motion to Assume Unexpired Lease (Special Olympics Illinois)* (DE 56) ("Motion to Assume Special Olympics Lease") which was presented to the Court on July 2, 2025, at 9:30 a.m.  Since that date, the Motion to Assume Special Olympics Lease has been continued from time to time, with the next continued date on May 27, 2026, at 10:00 a.m.

7.        On July 2, 2025, this Court entered its Order granting the Motions to Assume Tenant Leases (DE's 64 through 82).

8.        On August 10, 2025, the Debtor filed *Debtor's Chapter 11 Plan of Reorganization* (DE 92) and its *Disclosure Statement with Respect to Plan of Reorganization filed by V820Jackson, LLC* (DE 93).

9.        On October 16, 2025, the Debtor filed *Debtor's Chapter 11 Plan of Reorganization* (DE 105) and its *Disclosure Statement to the First Amended Plan of Reorganization filed by*

---

[1] Pursuant to a Property Management Agreement dated December 5, 2018, between V820 and Crayton Management, LLC, a Florida limited liability company, the Property is managed by Crayton Management, LLC.

*V820Jackson, LLC* (DE 106).

10.     On October 27, 2025, 820 W. Jackson L.L.C.'s filed its *Motion for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)* (DE 108).

11.     On December 30, 2025, Debtor filed its *Debtor's Amended Motion to Authorize Debtor to Borrow Funds Pursuant to Section 364 of the Bankruptcy Code* (DE 131) ("Amended Motion to Authorize").

12.     On March 12, 2016, this Court entered its *Amended Scheduling Order* and granted leave for the Debtor to file its Supplement to the Amended Motion to Authorize on or before March 23, 2026, and set the matter for status on April 1, 2026, at 10:00 a.m. (DE 165).

13.     On April 2, 2026, this Court entered its Order granting the Motion for Relief from Stay (DE 173).

14.     On April 13, 2026, the United States Trustee filed its *United States Trustee's Motion to Convert or Dismiss the Bankruptcy Case Pursuant to 11 U.S.C. 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f)* (DE 175) ("Motion to Dismiss").

15.     On April 15, 2026, the United States Trustee filed its Amended Notice of Motion relating to the Motion to Dismiss (DE 178).

16.     On May 11, 2026, the Debtor filed its *Second Amended Chapter 11 Plan of Reorganization* (DE 189).

17.     On May 20, 2026, Debtor filed its *Disclosure Statement with Respect to Second Amended Chapter 11 Plan of Reorganization filed by V820Jackson, LLC, Debtor (DE 191).*

## II.     THIS COURT SHOULD DENY THE MOTION TO DISMISS

18.     This Court should not exercise its discretion under Section 1112(b) to dismiss or convert this bankruptcy case for cause, *Matter of Woodbrook Associates*, 19 F.3d 312 (7th Cir. 1994) (Held: a bankruptcy court has broad discretion under 11 U.S.C Section 1112(b) to dismiss a Chapter 11 case for cause).  The Movant cannot sustain its burden of proof, *Id*. at 317, that it is in the "best interest" of creditors and the estate that this bankruptcy case is dismissed or converted to a case under Chapter 7 of the Bankruptcy Code, See, *In Re: Jartram, Inc.*, 886 F.2d 859, 867 (7th Cir. 1989) (emphasizing that a bankruptcy court "may" convert or dismiss a bankruptcy case under Section 1112(b)).

19.     First, this Court should allow the Debtor the opportunity to reorganize in light of its recent success in obtaining financing through Alecko Lending I LLC ("Alecko") to pay Huntington National Bank ("Huntington") $2,100,000 to cause the assignment of Huntington's claim to Alecko, and through this "DIP loan," to cure all of the pre- and post-petition arrearages due to 820 W. Jackson L.L.C., an affiliate of Marc Realty, pursuant to the Motion to Assume Ground Lease – which, when coupled with the "end loan" of Dry Creek Capital Partners, LP ("Dry Creek"), ensures the viability and feasibility of the Debtor's Second Amended Plan of Reorganization (filed on May 11, 2016 (DE 189), as explained through the *Debtor's Disclosure Statement with Respect to the Second Amended Plan of Reorganization filed by V820Jackson, LLC, Debtor* (DE 191).  The term sheets for the DIP loan and the end loan of Alecko and Dry Creek, respectively, are attached to the Disclosure Statement as Group Exhibit 6.  Once consummated, these loans will allow a complete and effective reorganization of the Debtor, with sufficient working capital to pay for tenant improvements and other working capital

requirements.  This Property is worth saving through this bankruptcy case: with Huntington's

debt restructured through assignment to Alecko and subsequently, Dry Creek, the Debtor will be

relieved of close to $25,250,000.00 in secured debt and the Debtor will be fully compliant with

the Ground Lease having successfully paid all pre- and post-petition arrearages due to 820 W.

Jackson L.L.C., the lessor.  On the other hand, if the case were dismissed or converted, there will

be a total loss to the Debtor with no funds available to pay any of the creditors, including

Huntington.  While admittedly, there have been delays in reaching this critical juncture, the

ability to resolve Huntington and 820 W. Jackson L.L.C.'s claims are within easy reach, with the

Debtor now capable of reorganizing through a confirmable Plan.  In fact, once the DIP loan is

consummated and the funds paid to Huntington and 820 W. Jackson L.L.C. as contemplated in

the Plan, there will be no question concerning the feasibility of the Plan or that the Debtor can

meet the rigors of Section 1129 of the Bankruptcy Code.

20.     The Debtor intends to seek approval of the loan documents memorializing the

credit facility of the DIP loan through Alecko by filing a new Motion to Approve Borrowing

under Section 364 of the Bankruptcy Code before the date the Court will set for adjudication of

the Motion to Dismiss or Convert (the loan documents are being drafted and are set to be

tendered to the Debtor for review by May 26, 2026).

21.     Second, besides the Debtor's ability to reorganize as discussed above, the Debtor

is fully compliant with all the requirements of a debtor-in-possession, except for the payment of

post-petition real estate taxes pursuant to the Ground Lease.  Since the commencement of this

bankruptcy case, the Debtor has complied with the United States Trustee's requests for

information.  The Debtor attended an initial debtor interview and opened a DIP account.  The

Debtor has filed accurate and detailed Schedules and a Statement of Financial Affairs.  The

Debtor has filed all Monthly Operating Reports.

22.     Considering all of these things, the question is whether it is in the best interest of

the creditors and the estate to allow the Debtor to proceed with this reorganization.  The answer

is a resounding "yes," especially considering all of the hard work and effort of the Debtor in

achieving the "take-out" loans represented by the DIP loan and end loan available through

Alecko and Dry Creek.  In short, there are no negatives if this Court were to deny the Motion to

Dismiss and allow the Debtor to reorganize pursuant to the Second Amended Plan of

Reorganization.

23.     In light of the foregoing, this Court should deny the Motion to Dismiss.

**V820JACKSON, LLC,** Debtor

By:_____/s/ Ariel Weissberg_____
   One of its attorneys

Ariel Weissberg, Esq.
Weissberg and Khanna, Ltd.
125 South Wacker, Suite 300
Chicago, Illinois 60606
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com
Attorney No. 03125591

## <u>CERTIFICATE OF SERVICE</u>

I, Ariel Weissberg, certify that on May 20, 2025, I caused ***Debtor's Response to United States Trustee's Motion to Convert or Dismiss the Bankruptcy Case Pursuant to 11 U.S.C. 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f)*** to be filed electronically. Notice of this filing was sent to all parties registered with the court's ECF electronic transmission, including to the following parties:

Adam G. Brief, Esq.
Suhey Ramirez, Esq.
Office of the U.S. Trustee, Region 11
219 S Dearborn St., Room 873
Chicago, IL 60604-2027
Email: USTPRegion11.ES.ECF@usdoj.gov

Andrew H. Eres, Esq.
Dickinson Wright PLLC
55 W. Monroe, Suite 1200
Chicago, IL 60603
Email: aeres@dickinsonwright.com
*(for The Huntington National Bank)*

Stephen M. Montgomery, Esq.
Dickinson Wright PLLC
424 Church Street, Suite 800
Nashville, TN 37219
Email: smontgomery@dickinson-wright.com
*(for The Huntington National Bank)*

Julie A. Johnston-Ahlen, Esq.
Erin Edelman, Esq.
Armstrong Teasdale LLP
100 North Riverside Plaza
Chicago, Illinois 60606
Email: jja@atllp.com; eedelman@atllp.com
*(on behalf of Creditor 820 West Jackson L.L.C.)*

Bruce LeMoine, Esq.
Armstrong Teasdale LLP
7700 Forsyth Blvd, Suite 1800
St. Louis, MO 63105
Email: blemoine@atllp.com
*(on behalf of Creditor 820 West Jackson L.L.C.)*

Sean P. Williams, Esq.
Levenfeld Pearlstein
120 S. Riverside Plaza, Suite 1800
Chicago, IL 60606
Email: swilliams@lplegal.com
*(for Midway Building Services, Ltd.)*

Carolina Y. Sales, Esq.
Robbins DiMonte
216 West Higgins Road
Park Ridge, Illinois 60068
Email: csales@robbinsdimonte.com
*(for Andrew P. Vaccaro)*

Paulina Garga-Chmiel, Esq.
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
Email: pgarga@dykema.com
*(for Dykema Gossett PLLC)*

    /s/ Ariel Weissberg
Ariel Weissberg